CHARLES F. HLINKA, Plaintiff-Appellee, v. THE DEPARTMENT OF EMPLOYMENT SECURITY *et al.,* Defendants-Appellants.

First District (4th Division) No. 87—1239

Opinion filed May 26, 1988.

Neil F. Hartigan, Attorney General, of Springfield (Shawn W. Denney, Solicitor General, and Karen S. Rosenwinkel, Assistant Attorney General, of Chicago, of counsel), for appellants.

Charles F. Hlinka, of Franklin Park, appellee *pro se.*

JUSTICE LINN delivered the opinion of the court:

Defendants, the Illinois Department of Employment Security and the Board of Review (Board), appeal from a judgment of the circuit court of Cook County on administrative review which reversed the decision of the Board denying plaintiff, Charles Hlinka, unemployment

compensation. Defendants contend that the circuit court erred because plaintiff was not statutorily qualified to receive benefits.

BACKGROUND

The facts are not in dispute. Plaintiff was the president and sole stockholder for a manufacturing company. Plaintiff worked throughout the calendar year, yet he drew his entire annual salary in the fourth quarter of the year after he determined what that salary should be. In the final quarter of 1984 plaintiff drew a salary of $10,000, and during the final quarter of 1985 the corporation dissolved.

Plaintiff then filed his claim for unemployment compensation. The Board denied the claim because the evidence showed that plaintiff was not paid wages during the other three quarters of his "base period" which, in this case, were the third calendar quarter of 1984 and the first two calendar quarters of 1985. The Board concluded that plaintiff was therefore ineligible for unemployment benefits under section 500(E) of the Unemployment Compensation Act (Ill. Rev. Stat. 1985, ch. 48, par. 420(E)).

Section 500(E) provides:

"An unemployed individual shall be eligible to receive benefits with respect to any week only if ***:

* * *

E. *** With respect to any benefit year beginning or after January 3, 1982, he has been paid during his base period wages for insured work equal to not less than $1,600, provided that he has been *paid wages* for insured work equal to at least $440 *during that part of his base period* which does not include the calendar quarter in which the wages paid to him were highest."

(Emphasis added.) (Ill. Rev. Stat. 1985, ch. 48, par. 420(E).)

"Base period" is defined, *inter alia,* as "the four consecutive calendar quarters ended on the preceding June 30, for benefit years beginning in November, December, or January." (Ill. Rev. Stat. 1985, ch. 48, par. 347(3).) In this case the "base period" in question covered the final two quarters in 1984 and the first two quarters of 1985.

On administrative review the trial court found that section 500(E) was "unreasonable" and expressed the view that the $10,000 should have been prorated over the entire year of 1984, thereby qualifying plaintiff for unemployment benefits.

OPINION

■■ ■ Stating that no Illinois cases exist on this matter, defend-

ants argue that the trial court's decision was an improper interpretation of section 500(E) because plaintiff had not been paid compensation in at least two of the four quarters comprising his "base period." Because the relevant statutory language is clear and unambiguous, defendants maintain that it should be given effect and plaintiff should have been denied benefits because he elected to pay himself only once per year.

In *Belfield v. Coop* (1956), 8 Ill. 2d 293, 307, 134 N.E.2d 249, the court stated:

> "The only legitimate function of the courts is to declare and enforce the law as enacted by the legislature, to interpret the language used by the legislature where it requires interpretation, and not to annex new provisions or substitute different ones, or read into a statute exceptions, limitations, or conditions which depart from its plain meaning. [Citation.] The language of the statute in question is certain and unambiguous and this court is not warranted in reading into it an exception which the legislature did not see fit to make."

The present case requires the same analysis.

The plain, unambiguous language of section 500(E) requires that wages be paid at a certain level during two quarters of a claimant's "base period." Section 500(E) does not permit engrafting the exception which would allow plaintiff to avoid this requirement by being paid only in one calendar quarter for work occurring over an entire year. While the circuit court considered application of section 500(E) in this case to be unreasonable, that criticism did not warrant abrogating the plain meaning of the statute.

Accordingly, the judgment of the circuit court of Cook County is reversed.

Judgment reversed.

JIGANTI, P.J., and McMORROW, J., concur.